1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JERRY W. BAKER,                          No.  2:13-cv-00628 JAM DAD P

12              Plaintiff,

13        v.                                    FINDINGS AND RECOMMENDATIONS

14    SACRAMENTO COUNTY JAIL, et al.,

15              Defendants.

16

17        On April 1, 2013, plaintiff, a Sacramento County Jail inmate proceeding pro se, filed his

18    complaint in this civil rights action brought pursuant to 42 U.S.C. § 1983.  However, plaintiff

19    neither paid the required filing fee of $350.00 nor submitted an application to proceed in forma

20    pauperis.  See 28 U.S.C. §§ 1914(a) & 1915(a).  Rather, on May 29, 2013, plaintiff filed a motion

21    styled as a "Motion Opposing Denial of Indigent Inmate Status/And Prepayment of Filing Fee."

22    (ECF No. 4)  Therein, plaintiff appears to argue that he should not be denied in forma pauperis

23    status in this action based upon the dismissal of prior actions he has filed in this court because

24    those dismissals were not based upon a finding of frivolousness by the court.  (Id.)  In addition,

25    plaintiff suggests that he filed notices of change of address but was nonetheless not served with

26    orders dismissing those prior complaints with leave to amend.  (Id.)  Finally, plaintiff contends

27    that because all of his prior actions named Solano County as the defendant, they should have been

28    considered by the court as a single action.  (Id.)

                                              1

1   Because the arguments advanced by plaintiff in his motion are unpersuasive, he will be required

2   to pay the filing fee in order to proceed with this civil rights action.

3   **28 U.S.C. § 1915(g)**

4       The federal in forma pauperis statute includes a limitation on the number of actions in

5   which a prisoner can proceed in forma pauperis.

6           In no event shall a prisoner bring a civil action or appeal a judgment
            in a civil action or proceeding under [§ 1915] if the prisoner has, on
7           3 or more prior occasions, while incarcerated or detained in any
            facility, brought an action or appeal in a court of the United States
8           that was dismissed on the grounds that it is frivolous, malicious, or
            fails to state a claim upon which relief may be granted, unless the
9           prisoner is under imminent danger of serious physical injury.

10   28 U.S.C. § 1915(g).  "[T]he plain language of § 1915(g) requires that the court look at cases

11   dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a

12   prisoner has used his three strikes."  Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).  In

13   determining whether a dismissal counts as a "strike" under § 1915(g) the reviewing court should

14   carefully evaluate, and make an independent assessment of, the dismissing court's action and the

15   reasons underlying it.  Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013); Andrews v. King,

16   398 F.3d 1113, 1121 (9th Cir. 2005).

17       Where a court denies a prisoner's application to file an action without prepayment of fees

18   on the grounds that the submitted complaint is frivolous, malicious or fails to state a claim upon

19   which relief may be granted, the complaint has been "dismissed" for purposes of § 1915(g).

20   O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).   Moreover, even "a dismissal without

21   prejudice counts as a strike, so long as the dismissal is made because the action is frivolous,

22   malicious, or fails to state a claim."  Id. at 1154.  Finally, where a complaint has been dismissed

23   for both failure to state a claim and other grounds but it is clear that the failure to state a claim

24   was "a fully sufficient condition . . . for a dismissal with prejudice," that dismissal constitutes a

25   strike for purposes of § 1915(g).   Id. at 1155-56.  See also Turner v. Colon, No. 2:11-cv-2343 AC

26   P, 2013 WL 2156566, at *1 (E.D. Cal. May 17, 2013)

27   /////

28   /////

2

**DISCUSSION**

Here, plaintiff suffered his first strike for purposes of § 1915(g) on March 17, 2009, when this court dismissed Baker v. Solano County Jail, et al., Case No. 2:08-cv-1034 BHS without prejudice, specifically for failure to state a claim.  (ECF No. 13.)  Plaintiff suffered a second strike on March 21, 2011, when this court dismissed Baker v. Todd, et al., Case No. 2:10-cv-1827 MCE EFB, again specifically for failure to state a claim.  (ECF No. 12.)  Plaintiff's third strike occurred when, on September 18, 2012, this court dismissed Baker v. Jones, et al., Case No. 2:12-cv-0404 WBS EFB specifically for failure to prosecute and failure to state a claim.  (ECF No. 10.)  Finally, the court notes that, were it necessary, plaintiff suffered yet another strike for purposes of § 1915(g) on October 24, 2012 when Baker v. Marsh, Case No. 2:12-cv-0555 GEB EFB was dismissed specifically for failure to state a claim and failure to prosecute.  (ECF No. 12.)[1]

Plaintiff's argument based upon his contention that "[t]he court never dismissed any of my claims as frivilous [sic]" (ECF No. 4) is misplaced.  A strike occurs under § 1915(g) whenever a prisoner while incarcerated or detained brings an action or appeal that is dismissed as "frivolous, malicious or as failing to state a claim upon which relief may be granted." (emphasis added)

---

[1]  In both of these two latter dismissals the assigned Magistrate Judge's findings and recommendations, which were adopted, made it clear that the specifically recognized failure of plaintiff to state a claim was "a fully sufficient condition . . . for a dismissal." O'Neal v. Price, 531 F.3d 1146, 1155-56 (9th Cir. 2008).  Thus, the fact that the dismissals were also based on a failure to prosecute when plaintiff failed to file an amended complaint after being granted leave to do so does not save those dismissals from being counted as strikes under § 1915(g).  This is not a case where any of the prior dismissal orders were based solely on a failure to prosecute following a dismissal with leave to amend.  See Butler v. Dep't of Justice, 492 F.3d 440, 443 (D.C. Cir. 2007) ("A dismissal for failure to prosecute is clearly not a dismissal for 'failure to state a claim on which relief may be granted' - a phrase that tracks the language of Federal Rules of Civil Procedure 12(b)(6) and is not implicated here. . . . [A] dismissal for failure to prosecute does not rest on the merits of a claim."); Torns v. Mississippi Dept. of Corrections, 317 Fed. Appx. 403, 404 (5th Cir. 2009) ("Torns' appeal was dismissed for failure to prosecute; Torns therefore does not incur a strike under § 1915(g) for a frivolous appeal."); Herring v. Tabor, No. 9:12-cv-1739 (GLS/DEP), 2013 WL 6173775, at *7 (N.D.N.Y. Nov. 20, 2013) ("[I]n light of the fact that the Second Circuit has not addressed the matter, I am inclined to follow those courts in this circuit that have declined to find that a dismissal for failure to prosecute or comply with a court order constitutes a strike under section 1915(g)."); see also Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) ("[N]ot all unsuccessful cases qualify as a strike under § 1915(g).")

1   Here, all of the dismissals summarized above were based specifically on plaintiff's failure to state
2   a claim.

3          Plaintiff's other arguments also miss the mark.  The court has reviewed the four
4   complaints in the prior cases that were dismissed for failure to state a claim.  While there are
5   some common defendants named in more than one of those complaints and some common types
6   of claims (denial of access to the courts) in some of them, each complaint is based upon different
7   and unconnected incidents that plaintiff alleged took place in 2008, 2010 and 2012.  Thus, each
8   was clearly a separate action.  In his 2008 action plaintiff filed a belated second amended
9   complaint which the assigned District Judge nonetheless reviewed and found that it too failed to
10  state a claim.  (ECF No. 17.)  In his 2010 action, plaintiff never filed a notice of change of
11  address with this court.  With respect to the 2012 dismissals, there is nothing on the court docket
12  in those actions suggesting that plaintiff did not receive any of the findings and recommendations
13  or orders issued by the court.  Finally, and in any event, all four cases were dismissed for failure
14  to state a claim, thus constituting a strike under § 1915(g).  Even if dismissal for failure to
15  prosecute was somehow inappropriate due to confusion over plaintiff's address of record, it
16  would be of no consequence for the analysis required under § 1915(g).

17         There is an exception to the three-strike bar of § 1915(g), which allows a prisoner to use
18  in forma pauperis status to bring a civil action despite three prior dismissals where the prisoner is
19  under imminent danger of serious physical injury.  See Andrews, 493 F.3d at 1056-57.  In his
20  complaint now before this court, plaintiff complains merely that he was denied due process and
21  the right to a fair hearing in connection with a jail disciplinary charge on which he was found
22  guilty.  In this regard, plaintiff has not alleged that he was "under imminent danger of serious
23  physical injury" when he filed this action.  Accordingly, the imminent danger exception under 28
24  U.S.C. § 1915(g) is not available to plaintiff in connection with this action.
25  /////
26  /////
27  /////
28  /////

4

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's May 29, 2013 motion styled as a "Motion Opposing Denial of Indigent Inmate Status/And Prepayment of Filing Fee" (ECF No. 4) be denied; and

2. This action be dismissed without prejudice, unless plaintiff pays the full statutory filing fee ($350.00) by the deadline for the filing of objections to these findings and recommendations. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 12, 2014

Dale A. Drozd
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
bake628.3a.alt

5